**UNITED STATES of America**
v.
**Harry RICCOBENE et al.**
**Harry Riccobene, Appellant.**
**No. 71–1411.**

United States Court of Appeals,
Third Circuit.
Argued Oct. 22, 1971.
Decided Nov. 17, 1971.

Robert F. Simone, Philadelphia, Pa., for appellant.

Ronald G. Scheraga, Dept. of Justice, Crim. Div., Appellate Section, Washington, D. C. (Roger A. Pauley, Colleen Kollar, Attys., Dept. of Justice, Washington, D. C., Louis C. Bechtle, U. S. Atty., Richard T. Spriggs, Sp. Atty., U. S. Dept. of Justice, Philadelphia, Pa., on the brief), for appellee.

Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant seeks review of his convictions for conspiracy and interstate transportation and possession of a stolen security in violation of 18 U.S.C. §§ 371, 2314, 2315. Although he assigns a number of errors, only one merits discussion.

During the grand jury proceedings, the prosecutor informed the grand jurors that they would not hear testimony from a key government informer because "he would be putting himself in danger in coming to Philadelphia, because the proposed defendants in this case, if you see fit to indict, are connected with organized crime and could harm him." Appellant claims this remark was inflammatory and prejudicial, and that the indictment returned by the grand jury was, therefore, infirm.

We view as improper prosecutor's comment connecting appellant with organized crime. However, we find the impropriety not to be of constitutional dimension nor serious enough to invalidate the indictment. United States v. Bruzgo, 373 F.2d 383, 387 (3d Cir. 1967). Furthermore, appellant's reliance on United States v. Hayward, 136 U.S.App. D.C. 300, 420 F.2d 142 (1969), is wholly misplaced. Appellant ignores the fact that *Hayward* dealt with the propriety of challenged jury instructions, and the court did not base its reversal on any allegedly prejudicial statement. 420 F.2d at 147.

Here, there was before the grand jury an abundance of competent evidence supporting this indictment. As in *Bruzgo, supra,* "we are not confronted with a situation where the votes of the grand jurors were necessarily based on their bias resulting from the prosecutors' remarks." 373 F.2d at 386. We hold that the grand jury proceedings contained no prejudicial error.

We have examined appellant's other assignments of error and find them to be without merit.

The judgment of the district court will be affirmed.