UNITED STATES of America

v.

Gordon GRUBB.

Crim. No. 81–27.

United States District Court,
E. D. Pennsylvania.

April 23, 1981.

Peter F. Vaira, U. S. Atty., Michael L. Levy, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Daniel J. DiGiacomo, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is a motion of defendant Gordon Grubb ("Grubb"), a former union official, to dismiss an indictment charging him with illegally accepting a $25,000 check from an employer while Grubb was still in office, see 29 U.S.C. § 186(b)(1) and (d), and a motion for disclosure of the grand jury testimony and subpoenas. For the reasons stated below, the motions will be denied.

### I. Statement of the Case

In 1979, Grubb was convicted of defrauding the Federal Credit Union of Teamsters Local 830 of $70,000, thus violating federal bank fraud statutes. Despite the conviction, Grubb thereafter sought to retain his position as president of Joint Council 53 of the International Brotherhood of Teamsters. The election was to be held on February 10, 1981. On February 2, 1981, a grand jury returned the indictment now under attack. At the same time, the Federal Bureau of Investigation announced the indictment in a press release which, among other things, mentioned that Grubb was seeking reelection. At least one newspaper carried the story. See Defendant's Motion to Dismiss the Indictment, Ex. A. Grubb lost the election by a small margin.

In his motion to dismiss the indictment, Grubb contends that these facts show that the Government intentionally delayed seeking the return of the indictment in order to cause him to lose the election. Such behavior, Grubb argues, constitutes prosecutorial misconduct warranting dismissal of the indictment. Even if such facts do not compel the indictment's dismissal, Grubb argues in his second motion that such facts do support disclosure of the grand jury subpoenas and testimony. The Court will consider each motion separately.

### II. The Motion to Dismiss the Indictment

The Court of Appeals for the Third Circuit has recognized two classes of cases in which the Court may properly exer-

cise its supervisory powers and dismiss an indictment in response to prosecutorial misconduct. First, dismissal of the indictment is proper where the defendant can show that prosecutorial misconduct has caused him "actual prejudice." *United States v. Serubo*, 604 F.2d 807, 817 (3d Cir. 1979); *United States v. Riccobene*, 451 F.2d 586, 587 (3d Cir. 1971); *United States v. Bruzgo*, 373 F.2d 383, 386–387 (3d Cir. 1967). Second, "dismissal of the indictment may be proper even where no actual prejudice has been shown, if there is evidence that the challenged activity was something other than an isolated incident unmotivated by similar ends, or that the type of misconduct challenged has become 'entrenched and flagrant' in the circuit." *United States v. Serubo, supra* at 817, *quoting United States v. Birdman*, 602 F.2d 547, 559 (3d Cir. 1979).

■ Considering Grubb's motion to dismiss the indictment in light of the first test stated above, the Court must conclude that the facts do not warrant the relief sought. In all of the cases in which the court has considered a claim of prosecutorial misconduct giving rise to actual prejudice, the "prejudice" considered has been prejudice to the defendant in the criminal proceeding itself. *See, e. g., United States v. Serubo, supra; United States v. Birdman, supra; United States v. Riccobene, supra; United States v. Bruzgo, supra.* By contrast, in the present case, Grubb's sole complaint is that the announcement of the indictment was so timed and publicized that his chances for reelection to his union office were harmed. Such prejudice is, at best, tangential to the criminal proceedings. Moreover, even if the Court were to hold that prejudice to a defendant in matters unrelated to a criminal proceeding might in some instances be redressed by dismissing the underlying indictment, Grubb has simply failed to make a sufficient showing to warrant such relief; nothing raised in Grubb's motion suggests that the timing of the indictment's return and announcement is other than mere coincidence. The only aspect of the indictment's timing and announcement remotely suggesting that the Government purposely sought to have the indictment returned

when it was is the mention of Grubb's reelection bid contained in the press release. Certainly, in the absence of some showing that such information was included for the purpose of destroying Grubb's chances of reelection rather than for the general purpose of informing the public, the Court will not invoke the severe remedy of dismissing the indictment. Indeed, even if Grubb could show that the Government intentionally timed the return and announcement of the indictment, the Court questions whether dismissal of the indictment—a most severe remedy which frustrates the strong public interest in the punishment of wrongdoing—would be the proper remedy in any case. *Cf. United States v. Morrison*, —— U.S. ——, —— – ——, 101 S.Ct. 665, 667–669, 66 L.Ed.2d 564 (1981) (dismissal of the indictment is an inappropriate remedy for Government interference with Sixth Amendment right to counsel where no prejudice to the defendant's case results). Since Grubb has not made even the preliminary showing necessary to raise that question, however, the Court need not resolve it here.

As stated above, the Court may also dismiss the indictment "if there is evidence that the challenged activity was something other than an isolated incident unmotivated by sinister ends, or that the type of misconduct challenged has become 'entrenched and flagrant' in the circuit." *United States v. Serubo, supra*, at 817, *quoting United States v. Birdman*, 602 F.2d 547, 559 (3d Cir. 1979). Grubb has neither shown nor even alleged that prosecutors in this circuit or this district have made a practice of timing indictments to interfere with a defendant's private life. Indeed, as the Court has already stated, to conclude from this record that even Grubb's indictment was so timed is simple speculation.

III. *The Motion for Disclosure of Grand Jury Subpoenas and Testimony*

In *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), the Supreme Court articulated the standard for determining when the "traditional secrecy" of

the grand jury may be broken and grand jury material released under Fed.R.Crim.P. 6(e):

> Parties seeking grand jury transcripts ... must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Id.* at 1674 (footnote omitted). The *Douglas Oil* Court went on to state that this showing is required "even when the grand jury whose transcripts are sought has concluded its operations." *Id.* The Court noted that maintaining the secrecy of grand jury proceedings serves a number of important purposes vital to the effectiveness of existing and future grand jury investigations.[1] Thus, "courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury." *Id.* at 1673.

■ Grubb has failed to make the necessary showing. First, the only injustice claimed by Grubb is that he lost his reelection bid. *Douglas Oil*, however, requires that the defendant be threatened with an injustice "in [a] judicial proceeding." *Id.* at 1674. Second, Grubb argues that disclosure is needed in order to substantiate his claim that the timing of the indictment was intentional. While the disclosure of the entire transcript of the grand jury proceeding might well reveal evidence supporting Grubb's claim, a showing consisting of merely one of a number of equally plausible inferences to be drawn from the timing of the indictment's return does not establish a need for broad-scale disclosure outweighing the need for continued secrecy. Finally,

Grubb has not limited his request to the testimony of particular witnesses, but has asked for all of the grand jury subpoenas and all of the grand jury testimony. Whatever the result might be if the request were more closely tailored, the inference drawn by Grubb simply cannot support wholesale disclosure of grand jury proceedings.

## IV. *Conclusion*

On the present record, the Court cannot conclude that the return of the indictment being close in time to Grubb's reelection attempt is anything but mere happenstance. Therefore, that fact alone can support neither the dismissal of the indictment nor the disclosure of the grand jury subpoenas and testimony. Accordingly, both of Grubb's motions must be denied. An appropriate Order will be entered.

---

1. The Supreme Court has noted that the reasons for grand jury secrecy were correctly summarized in *United States v. Rose*, 215 F.2d 617, 628–629 (3d Cir. 1954):

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted

by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

See *Douglas Oil Co. of California v. Petrol Stops Northwest, supra,* 1673 n.10; *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681–682 n.6, 78 S.Ct. 983, 985–986 n.6, 2 L.Ed.2d 1077 (1958).