366 A.2d 234

**COMMONWEALTH of Pennsylvania**

**v.**

**Clarence GREENE, a/k/a Sonny Greene, Appellant (two cases).**

Supreme Court of Pennsylvania.
Argued March 9, 1976.
Decided Nov. 25, 1976.

400

John J. Dean, John R. Cook, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Appellant, Clarence Greene, was convicted by a jury of murder in the second degree (felony murder) and robbery. After denying Greene's post-trial motions, the court imposed a sentence of life imprisonment for the murder conviction and a consecutive sentence of five to ten years for the robbery conviction. These appeals followed.[1]

Appellant's arrest and the indictments issued against him stemmed from the fatal stabbing of Mrs. Catherine Johnson on August 5, 1974. The record discloses that Catherine Johnson and her husband, Carl, were closing their pharmacy at approximately 8:30 p. m. when appellant approached them. Carl Johnson was carrying an attache case containing the daily receipts from the pharmacy. An altercation ensued between the appellant and the Johnsons in which appellant attempted to snatch the attache case from Mr. Johnson's hands. During the resulting struggle appellant stabbed Mrs. Johnson three times. She died later that evening.

Appellant's principal defense at trial was that he had gone to the pharmacy without any intent to rob the Johnsons. He contended that he frequently purchased drugs from the Johnsons without a prescription, and that in this instance he was merely returning to the store to pick up some barbiturates purchased earlier that day. According to appellant, when he asked for his pills, Carl Johnson stated that they were locked in the attache case. In order to retrieve the pills, appellant attempted to take the case from Mr. Johnson which precipitated the strug-

1. Jurisdiction of No. 180—(murder) is based upon the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, Art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975). The Superior Court certified No. 34—(robbery) to this Court by order dated October 21, 1975.

gle. Appellant stated that he stabbed Mrs. Johnson because he believed she was reaching for a gun.

 Initially we consider appellant's assertion that the trial judge abused his discretion by refusing to grant a continuance in order that appellant might have an opportunity to select more blacks to serve on his jury. His objection is not that the process of jury selection employed by Allegheny County was defective,[2] but rather that a continuance was necessary in order to permit more blacks to be on his panel. While it is true that there were no blacks on appellant's jury, this apparently was the product of mere chance rather than patent discrimination. It is well-established that "the characteristics of one particular panel are not the type of facts which constitute grounds for a challenge. Rather, . . . the challenge must be to the selection procedures themselves, and not to the composition of a particular panel . . . ." *Commonwealth v. Butler*, 448 Pa. 128, 133, 291 A.2d 89, 91 (1972); *Commonwealth v. Washington*, 235 Pa.Super. 339, 347, 340 A.2d 896, 900 (1975). *See also Commonwealth v. Jones*, 465 Pa. 473, 350 A.2d 862 (1976). Since appellant did not challenge the selection process, we cannot say that the judge abused his discretion in denying appellant's application for a continuance.

Next, appellant contends that he was unduly restricted in his cross-examination of Carl Johnson. Consistent with appellant's testimony that he went to the pharmacy only to pick up the drugs which he previously had purchased, the defense attempted to inquire of Mr. Johnson as to the nature of his transactions in prescription drugs.[3] The trial court sustained objections to this line

---

**2.** Appellant had originally filed a challenge to the array of the petit jury, but subsequently withdrew this pleading.

**3.** Appellant had attempted to question Mr. Johnson concerning the extent of his drug inventory, his daily records, and whether he cleaned out his drug inventory after the death of his wife.

of inquiry on the grounds that it was irrelevant and too remote from the time of the crime to have probative value.

It is well-established that the scope and limits of cross-examination are within the discretion of the trial judge and will not be reversed in the absence of a clear abuse of that discretion, or an error of law. *Commonwealth v. Bailey*, 450 Pa. 201, 207, 299 A.2d 298, 301 (1973); *Commonwealth v. Schmidt*, 437 Pa. 563, 568–69, 263 A.2d 382, 385 (1970); *Commonwealth v. Robinson*, 433 Pa. 88, 249 A.2d 536 (1969). Although the right of cross-examination is encompassed by the accused's right of confrontation in a criminal case, as protected by the Sixth Amendment, "[t]he extent of cross-examination is within the discretion of the trial court." *United States v. Riccobene*, D.C., 320 F.Supp. 196, 200 (1970), *aff'd*, 3 Cir., 451 F.2d 586 (1971). We cannot say that the court abused its discretion by denying inquiry into these collateral matters. *Commonwealth v. Collins*, 447 Pa. 300, 302, 290 A.2d 121, 122 (1972).[4]

Next, appellant complains that the testimony of a defense witness, Frank Mack, was improperly excluded. In his offer of proof, appellant contended that Mack would have corroborated his allegation that Johnson illegally sold drugs without prescriptions. Mack would have testified that he lived across the street from the pharmacy, had observed young males obtaining pills without prescriptions, and had consulted with authorities for the purpose of watching the store. Although it was

4. Appellant also objects to the inquiry made by the prosecution on redirect examination concerning a prior robbery in which Johnson was beaten. In his cross-examination, defense counsel had asked Johnson if his business had ever been burglarized and now contends that the question concerning robbery exceeded the scope of the previous examination. We believe the above discussion is also dispositive of this objection since we do not find that the trial judge abused his discretion in permitting this inquiry. In any event, it appears that any possible error was harmless since appellant was in no manner implicated in any prior robbery.

the jury's prerogative to assess the credibility of the witness and the weight to be attributed to his testimony, the proffered testimony definitely was relevant to the proposition upon which the defense was building its case. The exclusion of this testimony, therefore, was improper. *Commonwealth v. Bailey,* 450 Pa. 201, 299 A.2d 298 (1973); *Commonwealth v. Collins,* 447 Pa. 300, 290 A.2d 121 (1972).

In *Bailey, supra,* the trial court excluded testimony of two witnesses who had borrowed money from a money-lender named Robinson. We held that this was reversible error because the testimony would have supported Bailey's version as to his own dealings with Robinson and his reason for going to his house. *Id.,* 450 Pa. at 206–07, 299 A.2d at 301. The *Bailey* court relied upon *Commonwealth v. Collins,* 447 Pa. 300, 290 A.2d 121 (1972), a similar case in which we held it error to refuse to admit testimony of others who had dealt with the deceased proprietor as a fence in order to substantiate Collins' version of his purpose for being in his shop. *Id.* at 302–03, 290 A.2d at 122. We find the instant case to be indistinguishable from the situations present in *Bailey* and *Collins.* An accused has a fundamental right to present defensive evidence so long as such evidence is relevant and not excluded by an established evidentiary rule. *See Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972). Once found to be admissible, the determination of the probative value of such evidence must be reserved to the factfinder. Here, Mack would have testified from personal observations that Johnson sold drugs to young males without prescriptions. Such evidence would have supported Greene's version of his purpose for going to the pharmacy. It is true that the probative value of Mack's testimony may have been determined by the jury to be minimal. Nevertheless, since the jury never had the op-

portunity to consider the testimony, its exclusion requires reversal. Since we are compelled to reverse and remand the case for a new trial on this point, we need not consider the remaining assignments of error asserted by appellant.

ROBERTS, J., filed a concurring opinion.

MANDERINO, J., filed a concurring opinion in which NIX, J., joined.

## ORDER

AND NOW, this 24th day of November, 1976, it is ORDERED, as follows:

The judgments of sentence of the Court of Common Pleas of Allegheny County, Criminal Division, in the above-captioned matter are reversed and a new trial is granted.

MANDERINO, Justice (concurring).

I concur in the result reached by the majority because I agree that the testimony of defense witness, Frank Mack, was improperly excluded for the reasons contained in the majority opinion. There is no need to reach other issues covered in the majority opinion.

NIX, J., joins in this concurring opinion.

ROBERTS, Justice (concurring).

I join in that part of the opinion holding that appellant was denied a fair trial when evidence he offered was excluded. *Chambers v. Mississippi,* 410 U.S. 284, 93 S. Ct. 1038, 35 L.Ed.2d 297 (1973); *Commonwealth v. Bailey,* 450 Pa. 201, 299 A.2d 298 (1973); *Commonwealth v. Collins,* 447 Pa. 300, 290 A.2d 121 (1972). Since the Court's resolution of this issue requires the grant of a new trial, there is no need to reach the other issues discussed in the majority opinion.