394 A.2d 978

**COMMONWEALTH of Pennsylvania**

v.

**Clarence GREENE a/k/a Sonny Greene, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 26, 1978.

Decided Nov. 18, 1978.

Lester G. Nauhaus, John H. Corbett, Jr., Asst. Public Defenders, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Clarence Greene, a/k/a Sonny Greene, was tried by a judge sitting without a jury in connection with the robbery and homicide of Catherine Johnson in McKeesport, Allegheny County, Pennsylvania. Appellant was adjudged guilty of murder of the second degree and robbery.[1] Post-verdict motions were denied. Appellant was sentenced to life imprisonment for his conviction of murder of the second degree. The judgment of sentence for the robbery conviction was suspended. Appellant filed a direct appeal to this court from the judgment of sentence imposed for the murder of the second degree conviction. He appealed the judgment of sentence imposed on his robbery conviction to Superior Court, which certified that appeal to our court for disposition.

Appellant argues that he did not knowingly waive his right to a jury trial. In *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), we held that three essential elements must be included in every jury waiver colloquy. As we stated:

"    .    .    . These essential ingredients, basic to the concept of a jury trial, are the requirements that a jury be chosen from members of the community (a jury of one's

---

1. Appellant was originally tried by a judge sitting with a jury in January, 1975. On direct appeal to this court, the judgments of sentence were reversed. The case was remanded for a new trial. *Commonwealth v. Greene*, 469 Pa. 399, 366 A.2d 234 (1976). See *Greene, supra*, for the relevant facts concerning the instant crimes.

peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel. . . ." Id., 454 Pa. at 373, 600, 312 A.2d at 600. See Pa.R.Crim.P. 1101.

In the instant case, appellant was never informed by the trial court that the verdict had to be unanimous. As the trial court ignored the clear mandate of both Pa.R.Crim.P. 1101 and *Williams, supra*, a new trial is required.[2]

Judgments of sentence reversed and a new trial ordered.

POMEROY, J., filed a dissenting opinion in which LARSEN, J., joins.

EAGEN, C. J., dissents.

POMEROY, Justice, dissenting.

Prior to his second trial for the robbery and homicide of Catherine Johnson, the appellant, Clarence Greene, chose to waive his right to be tried by a jury. Before accepting the waiver, the trial judge attempted to comply with the mandate of Pa.R.Crim.P. 1101 which requires the judge, in an on-the-record colloquy, to "ascertain from the defendant whether [the waiver] is a knowing and intelligent waiver."

Although the colloquy here was substantially complete, the trial judge omitted any mention of one of the elements of a jury trial, that the jury's verdict shall be unanimous.[1]

---

**2.** Because of our disposition of this issue, we need not reach appellant's remaining allegations of error, which include that:

"1. The trial court erred in admitting a deceased prosecution witness' testimony from the first trial when that trial court did not permit defense counsel to question the prosecution witness concerning his alleged selling of drugs to appellant without a prescription.

"2. The trial court's extensive questioning of the Commonwealth's witness was unnecessary and prejudicial to the defense."

**1.** As noted above, this was Greene's second trial for these offenses; his first trial had been a jury trial and the appellant had had the jury polled following their rendition of the verdict in that trial. Furthermore, at the time of his second trial the appellant indicated that he had discussed the waiver with his attorney, and he signed a written

This omission violated the guidelines which this Court set up for jury trial waiver colloquies in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). At that time we expressly declined to denominate those guidelines a per se rule. *Id.* at 372, 312 A.2d at 599. In *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978), however, the majority of the Court in effect established the *Williams* guidelines as inflexible requirements of the on-the-record colloquy, with the result that appellant's counsel was held to have been ineffective in failing to object to defects in the colloquy in post-verdict motions or before the Superior Court. I dissented in *Commonwealth v. Morin, supra* at 88, 383 A.2d at 835, for a variety of reasons, not the least of which was the lack of necessity, as I saw it, of molding the guidelines suggested in *Williams, supra*, into a per se rule where no widespread abuse of colloquy requirements has been shown. 477 Pa. at 92, 383 A.2d at 837. I continue to adhere to that view.

Now, however, that there is virtually a prescribed content to the colloquy which must precede acceptance of a jury trial waiver, I suggest that objections to the sufficiency or accuracy of the colloquy should initially be raised at the time of the colloquy and before the non-jury trial has been conducted. I am mindful of the fact that Pa.R.Crim.P. 1101, as interpreted by the *Morin* decision places upon the trial judge the obligation of seeing to it not only that the colloquy relative to jury waiver shall "appear on the record," but also that the colloquy which appears on the record shall be sufficient to support the court's finding that the waiver is knowing and intelligent. This, however, is no different than any other duty a judge has to perform which may bear on a litigant's constitutional rights; we expect a judge to apply the law as it has been written—this is the trial judge's burden, as it were. But to say as much is not to relieve the trial lawyer of his obligation to call any mistakes of the trial judge to his or her attention at the earliest practicable time.

waiver. The judge undoubtedly was satisfied that he had indeed ascertained that the defendant's waiver was knowing and intelligent.

The language of Justice Roberts' dissenting opinion in *Commonwealth v. Williams*, 432 Pa. 557, 570, 248 A.2d 301, 307 (1968),[2] quoted with approval in *Commonwealth v. Clair*, 458 Pa. 418, 421, 326 A.2d 272, 273 (1974), is equally applicable here:

> "The majority now—contrary to the whole course of modern trial procedure—encourages defense counsel to sit by silently without calling errors to the trial court's attention until *after* the guilty verdict is returned. . . . Where counsel fails to call errors to the attention of the trial judge, the majority ignores that deficiency and assumes the function of protecting those failures by granting relief despite the silence of counsel at trial." (Emphasis in original.)

The *Clair* court reasoned that "[t]he trial judge must be given an opportunity to rectify errors at the time they are made. As we have often said before: '[A] party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the Court would have corrected.' *Commonwealth v. Marlin*, 452 Pa. 380, 382, 305 A.2d 14, 16 (1973). See also, *Commonwealth v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1972)." 458 Pa. at 421, 326 A.2d at 274.

To the extent that *Commonwealth v. Morin, supra,* suggested that objections to a jury trial waiver colloquy may be raised for the first time at post-verdict motions, I think it was mistaken; I would hold that such objections must be raised at the time of the colloquy in order to be preserved for appellate review. Since in the case at bar the first objection to the sufficiency of the colloquy was not taken until the post-trial motion stage, I think it came too late. Hence this dissent.

LARSEN, J., joins in this dissenting opinion.

2. Not to be confused with *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), referred to *supra* in this opinion.