403 A.2d 119

**COMMONWEALTH of Pennsylvania**

v.

**Charles Alonzo DUNCAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Decided May 16, 1979.

Petition for Allowance of Appeal Denied Aug. 13, 1979.

Laurence A. Kalikow, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

During jury selection at his trial on kidnapping, rape and conspiracy charges, appellant indicated a desire to waive a jury trial. The request was granted, but appellant was never informed of his right to a unanimous jury verdict. After he was found guilty, appellant filed a post-verdict motion for a new trial because of this deficiency in the waiver colloquy. The court ordered an evidentiary hearing to determine whether appellant's waiver of his right to a jury trial was knowing and intelligent, Pa.R.Crim.P. 1101. Appellant did not object to this procedure. After the hearing, the court found that appellant knew of his right to a unanimous jury verdict when he made his waiver, and, consequently, denied the motion for a new trial. This appeal followed.

Although the waiver colloquy of *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973) was not originally proposed as a *per se* rule, *id.*, 454 Pa. at 372, 312 A.2d at 599, it now appears that failure by the trial court to advise the defendant of the unanimity rule automatically mandates a new trial. *Commonwealth v. Greene*, 483 Pa. 195, 394 A.2d 978 (1978). This is so even where, as here, defendant does not object to the colloquy at the time, proceeds through trial, and raises the issue only after a guilty verdict has been returned. *See id.*, 483 Pa. at 198–99, 394 A.2d 979–80 (POMEROY, J., dissenting). It makes no difference that it can be reliably determined that at the time of the waiver, defendant knew in fact of the rights he was waiving, as here. *See id.*, 483 Pa. at 196 n. 1, 394 A.2d at 979 n. 1. (POMEROY, J., dissenting). *See also Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978) (where counsel is ineffective for not raising this issue, remand not for evidentiary hearing, but for new trial).

Although we feel that Pa.R.Crim.P. 1101 and *Williams, supra,* have been complied with in this case, we are constrained to hold that *Greene* and *Morin, supra,* require a new trial.

Reversed and remanded for a new trial.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I concur. I do so only because of the inflexible requirements of on-the-record colloquies demanded by *Commonwealth v. Greene,* 483 Pa. 195, 394 A.2d 978 (1978) and *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978). The absurd result achieved in this case, however, should be reason enough to reconsider the necessity for such rigid requirements.

In the instant case, appellant knew from experience that a jury could not convict except by a unanimous verdict. His counsel was also aware that trial by jury included a right to have a unanimous verdict. The omission of such an instruction by the trial judge during the waiver colloquy, therefore, did not impair in any way the knowing and intelligent nature of appellant's waiver of trial by jury. To hold that appellant's waiver was ineffective because the trial judge failed to remind him of a right with which he was already familiar is most certainly to exalt form over substance.

Moreover, appellant, with full knowledge of his rights, elected to remain silent during the colloquy and take his chances on a trial without jury. After having been found guilty, he should not now be heard to complain of deficiencies in the colloquy which, if timely called to the court's attention, could have been corrected before trial commenced. By permitting appellant to object for the first time after he has been found guilty in a nonjury trial which he knowingly requested, we allow him to toy with the criminal justice system and waste judicial resources in an unnecessary second trial.

Thus, although required to follow precedent, I am constrained to voice my dissent from a per se rule which has no compelling reason and which impedes rather than furthers the search for justice.