424 A.2d 1325

**COMMONWEALTH of Pennsylvania**

v.

**Delores LANE, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 15, 1980.

Decided Feb. 5, 1981.

John W. Packel, Chief, Appeals Div., Elaine DeMasse, Asst. Defender, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Victor Fortuno, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION

LARSEN, Justice.

After a trial in the Court of Common Pleas of Philadelphia County, sitting without a jury, appellant Delores Lane was found guilty of simple assault. Post-verdict motions were denied, and appellant was sentenced to two years probation. An appeal was taken to the Superior Court, and that Court affirmed the judgment of sentence by a per curiam order dated July 12, 1978.[1] This Court then granted appellant's petition for allowance of appeal, which raises one issue concerning the trial court's limitation of appellant's cross-examination of the victim and her husband. Specifically, the court limited inquiry into the possibility of their maintaining a civil action for the damages sustained by the victim against the bus company that operated the bus on which the assault occurred.

"It is well established that the scope and limits of cross-examination are within the discretion of the trial judge and [the trial judge's exercise of judgment in setting those limits] will not be reversed in the absence of a clear abuse of that discretion, or an error of law." *Commonwealth v. Greene*, 469 Pa. 399, 404, 366 A.2d 234, 236 (1976) (citations omitted). In the instant case, the circumstances leading up to the trial judge's rulings, and the rulings themselves, are as follows:

The Commonwealth's chief witness was the seventy-six-year-old victim, Mrs. Florence Nelson. She testified that she and her husband were passengers on a bus travelling on Market Street in Philadelphia. They were seated directly behind the driver, and appellant, who was then 22 years of age, was standing in the aisle immediately to the right of the driver and conversing with him. Although the bus had many vacant seats, appellant maintained this position throughout the ride, creating an obstacle for passengers entering or exiting the bus.

1. See *Commonwealth v. Lane*, 258 Pa.Super. 612, 391 A.2d 688 (1978).

The victim stated that when the bus arrived at the victim's destination, the victim's husband, a man 80 years of age, squeezed by appellant, exited the bus, and turned to help his wife down. As the victim attempted to get past appellant, she told the driver that appellant should not be permitted to stand next to him because appellant was blocking the aisle. Appellant then directed various profanities at the victim who responded by asking the driver for his number. Whereupon appellant attacked the victim, punching her in the face numerous times and knocking her to the floor, after which appellant began kicking the victim in the chest. The victim's husband attempted to board the bus and help his wife, but was kept at bay by the driver who then opened a door at the center of the bus through which appellant fled. Appellant immediately boarded a taxi cab and was apprehended by the police. As a result of the beating, the victim suffered severe bleeding from the eyes, nose, and mouth, various swellings and discoloration, and chest pains and breathing difficulties for a period of over one month.

After the victim had testified to these events and had been cross-examined at considerable length on that testimony, appellant's counsel asked the victim: "And you have consulted a civil lawyer in this case? You retained a civil lawyer in this case, haven't you?" Notes of Testimony, p. 42. The Commonwealth objected, and appellant's counsel stated that he was attempting to show through this line of questioning that the victim was considering a tort action against the bus company. The trial judge indicated that this would not surprise him and sustained the objection.[2] Appellant's counsel then asked the victim, "where did you first hear the word 'trauma' . . . you have discussed it with other people, have you not?" Notes of Testimony, pp. 43 and 44. Again the Commonwealth objected and again the

2. The court stated that the victim's contemplation of a tort action against the bus company was irrelevant to the instant criminal proceedings against appellant. Notes of Testimony, p. 43. However, it is not clear as to whether the objection was sustained for this reason, or the reason that it was a compound question and thus improper.

objection was sustained. A side bar discussion was then held, and the attorney who represented the victim approached the bench along with appellant's counsel and the prosecutor. Appellant's counsel asked the court for permission to cross-examine the victim with respect to the possibility of civil action and her expectations of financial gain. The victim's attorney interjected and stated on the record that any subsequent civil suit would in fact be against the bus company. The trial court then heard arguments on the objection from appellant's counsel and the Commonwealth, after which, the request of appellant's counsel was denied.

No further questions were asked of the victim, and her husband was called as a witness for the Commonwealth. He corroborated his wife's testimony and, near the conclusion of cross-examination, the following transpired:

Q. You gave a statement to a detective or to a policeman?

A. It was a detective.

Q. Did you ever discuss it with an attorney?

A. An attorney?

Q. Yes.

A. Yes. I called up my attorney, yes.

Q. And you reviewed this entire thing with your attorney; isn't that right?

A. What is it, sir?

Q. You reviewed this entire incident with your attorney; isn't that right?

MR. CONNER [the prosecutor]: Well, I object, your Honor.

THE COURT: Sustained for the same reasons that your earlier objection was sustained as to the testimony of Mrs. Nelson.

MR. SALAMAN [appellant's counsel]: And the same offer of proof.

THE COURT: And the same offer of proof. The same exception is noted.

MR. SALAMAN: Thank you. Perhaps this one other question would not be objectionable.

BY MR. SALAMAN:

Q. May I ask when that was in relationship to the date of the incident?

MR. CONNER: When what was?

Q. How many days or weeks or hours elapsed between the time of the incident and the time you discussed this with an attorney?

A. I think I got in touch with my attorney the next day or maybe a day after. I don't remember. I'm telling you just what I could remember.

Notes of Testimony, pp. 62–63.

As noted previously, appellant contends that these rulings constituted reversible error because they unduly restricted cross-examination and thereby prevented appellant from demonstrating that the victim and her husband were biased by the possibility of a civil lawsuit and financial gain. We disagree.

■ It was placed on the record in the foregoing side bar discussion and testimony that the Nelsons had consulted an attorney, that this consultation took place within two days of the beating, and that a tort action seeking damages from the bus company was being contemplated. The salient facts from which the bias could be inferred were, therefore, before the factfinder, and the trial court did not commit an error of law in precluding inquiry into the details of the contemplated law suit. Consequently, the only question presented in this appeal is whether the trial judge's refusal to permit inquiry beyond those essential facts was an abuse of discretion. See *Commonwealth v. Greene, supra.*

■ An abuse of discretion is more than just an error of judgment and, on appeal, a trial court will not be found to have abused its discretion unless the record discloses that "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Braithwaite,* 253 Pa.Super. 447, 452, 385 A.2d 423, 426 (1978); *Man O'War Racing Ass'n, Inc. v. State Horse Racing Comm.,* 433 Pa. 432, 451 n.10, 250 A.2d 172, 181 n.10

(1969). In the instant case, the witnesses whose cross-examination was circumscribed were each in excess of 75 years of age; they had already been extensively cross-examined concerning the incidents which gave rise to appellant's prosecution; and their bias and bitter feelings towards appellant were apparent throughout their testimony. Furthermore, as noted, the basic facts which appellant's counsel sought to extract from the victim and her husband were in fact placed before the factfinder. The trial court's limitation of the scope of cross-examination was, therefore, clearly not a manifestly unreasonable exercise of judgment, nor does the record disclose that it was the result of any partiality, ill-will, bias or prejudice against appellant. Consequently, the instant rulings did not constitute an abuse of discretion. *Commonwealth v. Schmidt*, 437 Pa. 563, 568–69, 263 A.2d 382, 385 (1970); *Commonwealth v. Robinson*, 433 Pa. 88, 249 A.2d 536 (1969); *Commonwealth v. Greene, supra.*

The judgment of sentence is affirmed.

ROBERTS, J., concurred in the result.

NIX, J., concurred in the result.