J-A27033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY ALLEN COOL, | : | |
| | : | |
| Appellant | : | No. 1898 WDA 2013 |

Appeal from the Judgment of Sentence entered on October 23, 2013
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0002709-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED NOVEMBER 14, 2014**

Jeremy Allen Cool ("Cool") appeals from the judgment of sentence imposed after his convictions of three counts each of Indecent Assault—Person less than 13 years of age and Involuntary Deviate Sexual Intercourse with a Child, two counts each of Corruption of Minors and Endangering the Welfare of Children, and one count of Rape of a Child.[1]  We affirm.

The convictions arose out of multiple incidents between Cool and Complainants, J. and A., occurring between the years of 1993 and 2005. Cool was the live-in boyfriend of Complainants' mother, Michelle Amoroso ("Amoroso").  Eventually, Cool married Amoroso and adopted the children. Throughout those years, Cool engaged in oral sex with both J. and A.  On one occasion, Cool also attempted to engage in anal sex with J.

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 3123(b), 6301(a)(1), 4304(a), 3121(c).

Cool was arrested and charged in 2012.[2] Following a jury trial, the jury convicted Cool of the above-mentioned crimes. The trial court sentenced Cool to an aggregate sentence of 22 to 44 years in prison. Cool subsequently filed post-sentence Motions, which the trial court denied. Cool filed a timely Notice of Appeal and a timely Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Cool raises the following questions for our review:

I. Whether the evidence was insufficient to sustain a conviction for Indecent Assault as a misdemeanor of the first degree, Involuntary Sexual Intercourse with a Child, and Rape of a Child when the Commonwealth failed to prove that any of these alleged actions occurred while [J.] was less than 13 years of age[?]

II. Whether the trial court erred in admitting evidence of [Cool's] subsequent conviction[,] and [whether] failing to provide either a cautionary or limiting instruction [was] an abuse of discretion[?]

III. Whether the trial court's imposition of an aggregate sentence of 22 to 44 years of incarceration following a trial [was] manifestly excessive and an abuse of discretion in that it far surpassed what was required to protect the public or Complainants, and went well beyond what was necessary to foster [Cool's] rehabilitative needs[?]

Brief for Appellant at 4.

In his first claim, Cool argues that the evidence was insufficient to establish that J. was less than 13 years of age at the time of the abuse, a

---

[2] J. testified that he did not tell anyone about the abuse during the time between 1993 and 2005. N.T., 7/15/13, at 102. J. also testified that he did not tell anyone about the abuse until his own son was born, and that he told Amoroso because he was concerned that Cool would abuse him as well. *See id.* at 103.

fact that was critical to his convictions of Indecent Assault—Person less than 13 years of age, Involuntary Deviate Sexual Intercourse with a Child, and Rape of a Child. *Id.* at 11. Cool claims that given that J.'s date of birth was July 3, 1984, J. presented conflicting testimony regarding his age when the abuse started and the house they were living in at that time. *Id.* Cool argues that, because J. testified that the first incident of abuse occurred after the family moved to their Cherry Street residence, and because J. would have been 12 years old at that time, and would have turned 13 while living in that residence, the Commonwealth failed to establish J.'s age as an element beyond a reasonable doubt. *Id.* at 11-14.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 2014 PA Super 181, at *83 (Pa. Super. 2014)

(citation omitted).

Under 18 Pa.C.S.A. § 3126(a)(7), Indecent Assault—Person less than

13 years of age is defined as follows:

> **(a) Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> * * *
>
> (7) the complainant is *less than 13 years of age*

18 Pa.C.S.A. § 3126 (emphasis added).

Under 18 Pa.C.S.A. § 3123(b), Involuntary Deviate Sexual Intercourse

with a Child is defined as follows:

> **(b) Involuntary deviate sexual intercourse with a child.**—A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is *less than 13 years of age*.

18 Pa.C.S.A. § 3123 (emphasis added).

Under 18 Pa.C.S.A. § 3121(c), Rape of a Child is defined as follows:

> **(c) Rape of a child.**—A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is *less than 13 years of age*.

18 Pa.C.S.A. § 3121 (emphasis added).

Upon our review of the record, we conclude that the evidence presented at trial was sufficient to establish that J. was less than 13 years of age when the assaults occurred. Amoroso testified that she met Cool in 1993, at which time J. was 9 years old. *See* N.T., 7/16/13, at 4. J. testified that he was about 8 or 9 years old the first time Cool attempted to perform oral sex on him. N.T., 7/15/13, at 90; *see also id.* at 117 (wherein J. testified that he was first abused by Cool between the ages of 8 and 10). J. testified that the family was living in their Cherry Street residence at that time. *Id.* J. also testified that the family was living at that address during the one occasion that Cool attempted to perform anal sex on him. *Id.* at 94. However, Amoroso testified that the family moved to their Cherry Street residence in early 1996, and that they lived there for several years. *See* N.T., 7/16/13, at 9-10, 14. Thus, J. would have been 12 years old at the time the family moved to that residence, and would have turned 13 while living at that residence. *See id.*

Initially, Amoroso's testimony that the family moved to the Cherry Street residence in 1996 conflicts with J.'s testimony in regards to his age at the time of the first incident of abuse. *See* N.T., 7/15/13, at 90, 117. Further, additional evidence established that the abuse started *before* J. turned 13. Specifically, in regards to the occasion on which Cool attempted to engage in anal sex with J., J. testified that the incident occurred before Cool and Amoroso were married, and before Cool adopted the children. *Id.*

- 5 -

at 98. Amoroso testified that she married Cool on March 15, 1997, and that J. was 12 years old at that time. N.T., 7/16/13, at 10-11. Amoroso also testified that Cool adopted the children later in 1997. *Id.* Thus, viewed in the light most favorable to the Commonwealth, the evidence presented at trial supports a finding by the jury that J. was under 13 years of age when the abuse began, and when Cool attempted to engage in anal sex with J. *See Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (concluding that inconsistency in testimony does not alone render evidence insufficient to support a verdict, and that uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses).

In his second claim, Cool argues that the trial court erred in admitting testimony regarding a subsequent conviction for harassment,[3] arising from an incident in 2009. Brief for Appellant at 15. Cool claims that the trial court erred in allowing the Commonwealth to ask his character witnesses about the harassment conviction during cross-examination because that incident occurred four years after the charges for which he was facing trial. *Id.* Further, Cool claims that the trial court abused its discretion by failing to provide a limiting jury instruction regarding the jury's use of this summary offense. *Id.* at 17.

> In reviewing a trial court ruling on the admissibility of evidence[,] our standard of review is one of deference. It is firmly established that questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and

---

[3] 18 Pa.C.S.A. § 2709.

[this Court] will not reverse the court's decision on such a question absent a clear abuse of discretion.

*Commonwealth v. Bracey*, 831 A.2d 678, 681 (Pa. Super. 2003) (internal quotation marks and citations omitted). "An abuse of discretion is more than just an error of judgment and, on appeal, a trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Lane*, 424 A.2d 1325, 1328 (Pa. 1981) (internal quotation marks and citations omitted).

A trial court may limit evidence under Pennsylvania Rule of Evidence 105, which states the following:

> If the court admits evidence that is admissible against a party or for a purpose—but not against another party for another purpose—the court, *on timely request*, must restrict the evidence to its proper scope and instruct the jury accordingly. The court may also do so on its own initiative.

Pa.R.E. 105 (emphasis added).

With regard to the lack of instruction, Cool's counsel did not request a limiting instruction regarding the use of the summary conviction by the jury. *See Commonwealth v. Bryant*, 855 A.2d 726, 739 (Pa. 2004) (stating that "[f]ailure to request a cautionary instruction upon the introduction of evidence constitutes a waiver of a claim of trial court error in failing to issue a cautionary instruction."). Cool did not object to the Commonwealth's questioning of the character witnesses with regard to the harassment conviction. "[A] defendant's failure to object to allegedly improper

- 7 -

testimony at the appropriate stage in the questioning of a witness constitutes waiver." *Commonwealth v. Molina*, 33 A.3d 51, 55 (Pa. Super. 2011) (quotation marks and citation omitted).

However, because the trial court may instruct the jury on its own initiative, we will address the claim.

> It is a well[-]established general rule that evidence of a criminal defendant's prior arrests is inadmissible as tending to prove his disposition to commit crimes generally, or his commission of the specific crime for which he is then standing trial…. When, however, the defendant introduces evidence of his own character,… the Commonwealth is permitted to cross-examine the character witnesses as to whether or not they have heard [p]ersons in the neighborhood attribute particular offenses to the defendant.
>
> Such cross-examination is allowed for the purpose of testing the accuracy of the character witness' testimony to determine whether he is indeed thoroughly familiar with the defendant's reputation in the community.

*Commonwealth v. Little*, 295 A.2d 287, 288-89 (Pa. 1972) (internal question marks and citations omitted).

Cool relies on *Commonwealth v. Luther*, 463 A.2d 1073 (Pa. Super. 1983), for the proposition that "evidence [of defendant's character] must relate to a period at or about the time the offense was committed." *Id.* at 1077-78 (citing *Commonwealth v. White*, 115 A. 870, 871 (Pa. 1922)). In *White*, the Court concluded that the disputed testimony about the defendant's character relating to his reputation 20 years prior to his commission of the crime was inadmissible. *Id.*; *see also Commonwealth v. Nellom*, 565 A.2d 770, 774-76 (Pa. Super. 1989) (holding that trial

court's admission of testimony regarding a previous charge, which arose from the same incident as the relevant charges, was inadmissible because the relevant time period would only include time prior to the alleged offenses). However, *White* also stated the following:

> Assuming defendant has offered proof of good character at the time the offense was committed, although it is no answer to show bad reputation existing at a remote period of time, there seems to be no logical reason why that fact could not be shown if coupled with proof that the bad character continued at all times down to the date of trial.

*White*, 115 A. at 871.

Thus, as Cool offered proof of good character, and his harassment conviction occurred between the time period during which the abuse took place and the trial, the conviction can be used as evidence regarding bad character. Further, the Commonwealth merely asked the witnesses whether they were aware of Cool's conviction for harassment. *See* N.T., 7/16/13, at 161, 171, 175. The Commonwealth did not specifically ask whether Cool's reputation within the community changed after the conviction, nor did the Commonwealth inquire into the facts of that case. *See id.* Thus, the trial court did not abuse its discretion in allowing the testimony without a limiting instruction.

In his third claim, Cool argues that the trial court abused its discretion in imposing an excessive sentence. Brief for Appellant at 18. He claims that the trial court improperly imposed consecutive rather than concurrent

sentences. *Id.* Cool also claims that the trial court did not adequately consider his rehabilitative needs. *Id.* at 19-20.

Cool challenges the discretionary aspects of his sentence.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\* \* \*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Cool filed a timely Notice of Appeal, presented his claim in a Motion to Reconsider the Sentence, and included a Rule 2119(f) Statement in his brief. Cool argues that he has presented a substantial question because the trial court did not consider all relevant factors set forth in § 9721(b) of the Sentencing Code. Brief for Appellant at 6. Cool specifically contends that the court imposed a manifestly excessive sentence by

imposing the sentences consecutively. *Id.* This argument does not raise a substantial question. *See Moury*, 992 A.2d at 171 (stating that "the trial court has discretion to impose sentences consecutively or concurrently, and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question."). Accordingly, we are precluded from addressing Cool's challenge to the discretionary aspects of his sentence on this basis.

Cool also argues that the trial court improperly failed to consider his rehabilitative needs, focusing instead on the severity of the crime. Brief for Appellant at 6. Here, Cool raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (finding that "[a] claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review.").

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." *Commonwealth v. Stokes*, 38 A.3d 846, 858 (Pa. Super. 2011). Additionally, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009).

Cool argues that he had minimal rehabilitative needs, as he voluntarily stopped the assaults almost a decade prior to the trial, and because he developed a religious faith within that time period. Brief for Appellant at 19-

20.  Cool also claims that the trial court did not adequately consider the time lapse between the criminal conduct and sentencing.  *Id.* at 20.  Additionally, Cool argues that the sentence was longer than necessary to protect the public or complainants.  *Id.*

Our review of the record discloses that the trial court had the benefit of a pre-sentence investigation report.  *See* N.T., 10/23/13, at 21-22; *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").  Further, the trial court detailed the factors it considered in determining Cool's sentence.  *See* N.T., 10/23/13, at 21-24.  Moreover, the trial court required Cool to participate in the state sex offender program.  N.T., 10/23/13, at 28.  Thus, we find no merit in Cool's claim that the trial court abused its sentencing discretion by failing to consider Cool's rehabilitative needs.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/14/2014

- 12 -