J-S46020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD BROWN | : | |
| | : | |
| Appellant | : | No. 454 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 8, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002746-2016

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 22, 2019**

Appellant, Richard Brown, appeals from the judgment of sentence entered on January 8, 2019. On appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) and ***Anders v. California***, 386 U.S. 738 (1967). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On June 8, 2017, Appellant pleaded guilty to retail theft;[1] that day, the trial court sentenced Appellant to serve two years of probation. In March and April of 2018, Appellant was arrested on new charges: two counts of retail theft and one count of possessing an instrument of crime ("PIC"). Appellant pleaded guilty to these new charges on November 20, 2018. *See* Docket Entries at CP-23-CR-0002059-2018 and CP-23-CR-0002064-2018.

As a result of these new convictions, the trial court held a violation of probation and re-sentencing hearing on January 8, 2019. Following the hearing, the trial court found Appellant in violation of his probation and re-sentenced Appellant to serve a term of 12 to 36 months in prison for the underlying retail theft conviction. N.T. VOP Hearing, 1/8/19, at 29-30.

On January 15, 2019, while Appellant was still represented by counsel, Appellant filed a *pro se* motion, which declared:

> Hon[orable trial court judge,]
>
> I have 10 days to appeal your sent[ence] of 1 to 3 years[.]
>
> I am requesting Your [Honor] if possible that I be appointed a lawyer to represent me in this appeal.
>
> So for the record[] . . . I am on record to appeal!
>
> Please Your Honor if it's OK with your office I be appointed a (lawyer) because a part of my appeal is I feel the public

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

defender['s] office never spoke to me, never gave me paperwork. My [*Gagnon II*[2]] hearing I feel was illegal.

So please I am appealing this sent[ence].

Appellant's *Pro Se* Motion, 1/15/19, at 1-2 (some emphasis omitted).

There is no evidence that the clerk of courts complied with Pennsylvania Rule of Criminal Procedure 576(A)(4), which declares:

> (4) In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

Pa.R.Crim.P. 576(A)(4).

Further, the trial court erroneously accepted Appellant's *pro se* motion, considered it a "motion for reconsideration" of the sentence, and then scheduled a February 12, 2019 hearing on the motion. Trial Court Order, 1/17/19, at 1; *see Commonwealth v. Reid*, 117 A.3d 777, 781 n.8 (Pa. Super. 2015) (holding: the defendant's *pro se* post-sentence motion, which he filed while represented by counsel, was a legal nullity); *see also Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993) ("there is no constitutional right to hybrid representation either at trial or on appeal"); *Commonwealth v. Ruiz*, 131 A.3d 54, 56 n.4 (Pa. Super. 2015) (the

_____

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

defendant's "*pro se* motion to modify sentence . . . was a legal nullity . . . [because] he was represented by counsel" at the time). As an additional oddity, the scheduled, February 12, 2019 hearing date was beyond the time our rules gave Appellant to file a timely notice of appeal and the trial court to reconsider its sentence. **See** Pa.R.A.P. 903(a) (generally requiring that a notice of appeal be filed "within 30 days after the entry of the order from which the appeal is taken"); 42 Pa.C.S.A. § 5505 (declaring that, generally, a court "may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed"); **see also** Pa.R.Crim.P. 708(E) ("[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period").

On February 6, 2019, Appellant's counsel filed a timely notice of appeal in the case.[3] On appeal, Appellant's court-appointed counsel filed a petition for leave to withdraw and counsel accompanied this petition with an **Anders** brief. The **Anders** brief raises one claim:

_____

[3] On February 26, 2019, the trial court held a hearing on Appellant's *pro se* "motion for reconsideration" of his sentence. This hearing occurred after Appellant's counsel filed a timely notice of appeal in the case and well-beyond the 30 days that 42 Pa.C.S.A. § 5505 allows for modification of an order. **See Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) (explaining: Section 5505 "allows a trial court to modify or rescind an order within thirty days of entry of that order, unless an appeal has been taken removing the case from the trial court's jurisdiction"). The trial court then entered an order on February 27, 2019, declaring that it was denying Appellant's "motion for reconsideration;" nevertheless, at the time the trial court entered its order, it did not have jurisdiction to modify Appellant's sentence.

Whether the term of incarceration imposed herein is harsh and excessive under the circumstances due to [Appellant's] mental illness and post-traumatic stress disorder and its potential to lengthen his term of incarceration consecutive to his federal sentence[?]

Appellant's Brief at 3.

Before reviewing the merits of this appeal, this Court must first determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel,

- 5 -

proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of [the] issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claim Appellant raises in his brief.

On appeal, Appellant claims that the trial court abused its discretion by imposing a harsh and excessive sentence. Specifically, Appellant claims that

his sentence is excessive in light of a term of federal imprisonment that Appellant anticipated he would also be serving and in light of certain mitigating factors. Appellant's Brief at 3. Appellant's claims on appeal challenge the discretionary aspects of his sentence.

"[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720 [and 708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

At the outset, Appellant's discretionary aspect of sentencing claim is waived, as Appellant did not object to his sentence during the sentencing hearing and, following sentencing, Appellant's counsel did not file a Pennsylvania Rule of Criminal Procedure 708(E) motion to modify Appellant's

sentence. *Ruiz*, 131 A.3d at 56 n.4 (the defendant's "*pro se* motion to modify sentence . . . was a legal nullity . . . [because] he was represented by counsel" at the time); *see also Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). Further, since the claim on appeal is waived, the claim is frivolous under *Anders*. *Commonwealth v. Tukhi*, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under *Anders*, "[a]n issue that is waived is frivolous"); *Commonwealth v. Kalichak*, 943 A.3d 285, 291 (Pa. Super. 2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

Moreover, even if we consider Appellant's discretionary aspect of sentencing claim on the merits (due to the breakdown in the court system in failing to forward Appellant's *pro se* motion to modify his sentence to counsel), the claim would still be frivolous.

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa.Code § 303.1(b); *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006). Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code."

*Commonwealth v. Russell*, 460 A.2d 316, 322 (Pa. Super. 1983). Section

9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Further, as we have held:

> In addition to issuing a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant," a [violation of probation ("VOP")] court must also consider, for example, whether the sentence imposed is "essential to vindicate the authority of the court," and must give "due consideration . . . to the time spent serving the order of probation."

*Commonwealth v. Derry*, 150 A.3d 987, 994 (Pa. Super. 2016) (corrections

omitted), *quoting* 42 Pa.C.S.A. §§ 9721(b) and 9771.

"The determination of whether a particular case raises a substantial

question is to be evaluated on a case-by-case basis. Generally, however, in

order to establish that there is a substantial question, the appellant must show

actions by the sentencing court inconsistent with the Sentencing Code or

contrary to the fundamental norms underlying the sentencing process."

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal

citations omitted). "When considering the merits of a discretionary aspects of

sentencing claim, we analyze the sentencing court's decision under an abuse

of discretion standard." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.

- 9 -

Super. 2015). "An abuse of discretion is more than just an error of judgment and, on appeal, a trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Lane*, 424 A.2d 1325, 1328 (Pa. 1981) (quotations omitted).

On appeal, Appellant claims that his sentence is excessive in light of a term of federal imprisonment that Appellant anticipated he would also be serving and in light of certain mitigating factors. Appellant's Brief at 3. These claims are frivolous.

During the re-sentencing hearing, Appellant alerted the trial court to the fact that he was also serving three years of federal, supervised release for bank robbery. Appellant anticipated that he would "go back [to federal prison] to serve the remainder of the three years based on the violation." N.T. VOP Hearing, 1/8/19, at 4-5. The Commonwealth responded: "I have spoken a couple of different times to [Appellant's] federal probation officer. They're not sure what action the [j]udge is going to take in federal court for the violations." *Id.* at 5.

In sentencing Appellant, the trial court noted that it could not bind the federal court to any particular sentence. *Id.* at 30. However, the trial court declared: "I have no idea what your federal [judge] is going to do. . . . [O]n the sheet I would recommend that . . . my sentence run concurrent to any

federal sentences imposed. That's my recommendation. I can't make the [federal j]udge do it." *Id.* at 29-30.

In light of the fact that the trial court recommended its sentence run concurrent to any federal sentence Appellant would receive, Appellant's claim on appeal – that his sentence is excessive because of "its potential to lengthen his term of incarceration consecutive to his federal sentence" – does not raise a substantial question under the Sentencing Code and is frivolous under **Anders**. **See** Appellant's Brief at 3. Simply stated, the trial court recommended that Appellant's sentence run concurrent – not consecutive – to any federal sentence Appellant were to receive.

Appellant also claims that, in imposing his sentence, the trial court failed to consider the mitigating factors of his "mental illness and post-traumatic stress disorder." *Id.* This Court has held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." **Commonwealth v. Swope**, 123 A.3d 333, 339 (Pa. Super. 2015) (citations omitted), *citing* **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014); **see also Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (same). Nevertheless, Appellant's claim is frivolous because, during the re-sentencing hearing, the trial court demonstrated it was well aware of – and thoroughly considered – Appellant's mental health issues and PTSD. **See** N.T. VOP Hearing, 1/8/19, at 24-25 (Appellant explaining his mental health issues); 26-27 (the Commonwealth explaining Appellant's mental health issues and

- 11 -

PTSD); *see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("[i]t would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand").

Therefore, we conclude that the trial court did not abuse its discretion when it sentenced Appellant to serve a term of 12 to 36 months in prison and that Appellant's claim to the contrary is frivolous.

We independently considered the issues raised within Appellant's brief and we determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/19