J-S14033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT LEE DAVIES, | : | |
| | : | |
| Appellant | : | No. 2165 EDA 2014 |

Appeal from the Judgment of Sentence entered on June 24, 2014
in the Court of Common Pleas of Lehigh County,
Criminal Division, No. CP-39-CR-0003101-2010

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED MARCH 09, 2015**

Robert Lee Davies ("Davies") appeals from the judgment of sentence imposed following the revocation of his parole and probation.  Additionally, Davies's counsel, Carol A. Marciano, Esquire ("Marciano"), has filed a Petition to Withdraw as Counsel, and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Marciano's Petition to Withdraw and affirm.

The trial court set for the relevant underlying facts as follows:

> On September 2, 2010, [Davies] entered a negotiated guilty plea to one count of Retail Theft and one count of Recklessly Endangering Another Person.  He was sentenced by the Honorable William H. Platt to not less than one year less one day to not more than two years less one day in Lehigh County Prison on November 1, 2010.
>
> [Davies] was paroled on or about April 20, 2011. [Davies's] parole was revoked on December 6, 2011[,] following

a **Gagnon II**[1] hearing where he conceded that he violated his parole. He was resentenced to serve the balance [of his sentence], but granted immediate parole. He was also sentenced to two years' consecutive probation.

On May 28, 2013, [Davies] appeared before the [trial court] for a second **Gagnon II** hearing. At that time, he conceded the allegations of the violation, and his probation and parole were revoked. He was remanded to Lehigh County Prison to serve the balance of his sentence, followed by probation for two years[,] consecutive to a Berks County sentence. He was given immediate [parole].

On November 24, 2013, [Davies] was arrested for Retail Theft in Berks County. He was sentenced to not less than one nor more than five years [in prison] on May 8, 2014. This new arrest and conviction served as the basis for a third violation in this case.

On June 24, 2014, [Davies] again appeared before the [trial c]ourt for a **Gagnon II** hearing. He conceded the allegation that he violated his parole and probation by incurring another retail theft arrest on December 24, 2013[,] for a crime that occurred on November 24, 2013. After that hearing, [Davies] was remanded to serve the balance of his sentence. His probation was revoked and he was resentenced to an additional twelve to twenty-four months' incarceration in a State Correctional Institution.

On July 24, 2014, [Davies] filed a Notice of Appeal challenging his sentence. He was directed to serve a Concise Statement of Matters Complained of on Appeal on the [trial c]ourt, and said Concise Statement was filed on August 18, 2014.

Trial Court Opinion, 8/20/14, at 1-2 (footnote added).

Davies's counsel, Marciano, has filed a brief pursuant to **Anders** that raises the following question for our review: "Whether the trial court abused its discretion after probation revocation[,] and imposed an excessive and

---

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

disproportional sentence by resentencing [Davies] to a state sentence and then running that sentence consecutive to all the other sentences [Davies] was then serving?" ***Anders*** Brief at 4. Marciano filed a separate Petition to Withdraw as Counsel on October 17, 2014. Davies filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must

> (1) petition the [C]ourt for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;

(3)   set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous."  *Edwards*, 906 A.2d at 1228 (citation omitted).

Here, Marciano has complied with each of the requirements of *Anders*.  Marciano indicates that she has conscientiously examined the record and determined that an appeal would be frivolous.  Further, Marciano's *Anders* brief comports with the *Santiago* requirements.  Finally, the record includes a copy of the letter that Marciano sent to Davies, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Marciano's intention to seek permission to withdraw.  Accordingly, Marciano has complied with the procedural requirements for withdrawing from representation, and we will review the record to determine whether Davies's claim on appeal is frivolous.

In this appeal, Davies challenges the discretionary aspects of his sentence.  "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."  *Commonwealth v. Moury*, 992

A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted). "A substantial question exi[s]ts only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1286-87 (Pa. Super. 2013) (citation omitted).

Here, Davies filed a timely Notice of Appeal, but failed to preserve his claim regarding the probation revocation sentence at sentencing or in a motion to reconsider the sentence. Thus, we cannot review Davies's sentencing claim. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (concluding that challenge to the discretionary aspects of sentencing following a probation revocation was waived due to the

defendant's failure to preserve the issue at sentencing or in a post-sentence motion).[2]

Nevertheless, in light of the fact that Marciano has filed an **Anders** brief and Petition to Withdraw as Counsel, we will address Davies's sentencing claims. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that while appellant failed to properly preserve his discretionary aspects of sentencing claim, this Court would address the merits of the claim due to appellant's counsel's petition to withdraw as counsel); **Commonwealth v. Hernandez**, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that **Anders** requires review of issues otherwise waived on appeal).

Davies argues that "the trial court abused its discretion in re-sentencing him after a probation violation to a state term of incarceration,

---

[2] Davies has included a Statement of the reasons relied upon for allowance of appeal in his brief, pursuant to Pa.R.A.P 2119(f). Davies claims that he has raised a substantial question because his sentence is excessive in light of the fact that the trial court revoked his probation and sentenced him to a state prison term that was consecutive to his other sentences. **Anders** Brief at 9. Davies argues that the imposition of this sentence consecutive to his other sentences "amounted to an unduly harsh and excessive sentence that was disproportional to the nature of the violation." **Id**. Generally, "[a] challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence." **Commonwealth v. Johnson**, 961 A.2d 877, 880 (Pa. Super. 2008). However, Davies also asserts that the trial court did not properly consider the factors under 42 Pa.C.S.A. § 9721(b). **Anders** Brief at 9. This latter assertion would raise a substantial question. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (stating that arguments that the sentencing court failed to consider the factors under 42 Pa.C.S.A. § 9721 present a substantial question).

and in running that sentence consecutively to his other sentences, for an aggregate term of approximately 3 to 9 years of state incarceration." **Anders** Brief at 10. Davies contends that his sentence was unduly harsh and excessive and disproportional to the nature of the violation. **Id**. Davies claims that his mental health and substance abuse problems caused him to violate his parole and probation. **Id**. at 10-11. Davies asserts that in light of these problems, the trial court should not have imposed a prison sentence for the probation violation. **Id**. at 11.

The trial court set for the relevant law, addressed Davies's sentencing claims and determined that the probation revocation sentence was appropriate in light of Davies's lengthy criminal history, including his third violation in this case, his mental health challenges, his rehabilitative needs, and the needs of the community. **See** Trial Court Opinion, 8/20/14, at 3-4; **see also** N.T., 6/24/14, at 4-5 (wherein prior to sentencing, Davies stated that he was 51 years old; he had suffered from mental health issues his entire life; he had spent a lot of time in prison; he has substance abuse problems; and he has panic attacks and self-medicates); **id**. at 7-8 (wherein the trial court considered a pre-sentence investigation report detailing Davies's prior criminal history, including committing crimes while on supervision); **id**. at 10-12 (wherein the trial court explained its reasons for the sentence, including that the prison term would provide Davies with the mental health treatment necessary to treat his problems that influence his

propensity to commit crimes); *id*. at 11 (wherein the trial court recommended placing Davies at SCI-Waymart for treatment of his mental health issues). Based on the foregoing, we discern no abuse of the sentencing court's discretion in imposing the challenged sentence. *See* Trial Court Opinion, 8/20/14, at 3-4; *Commonwealth v. Sierra*, 752 A.2d 910, 914-15 (Pa. Super. 2000) (concluding that the trial court's imposition of a prison sentence following probation/parole violations was proper where the court considered the defendant's age, prior criminal history, substance abuse problems, mental health problems, defendant's statements at sentencing, and the ineffectiveness of parole and probation in rehabilitating the defendant); *see also Johnson*, 961 A.2d at 880 (stating that "the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.").

Additionally, following our independent review of the record, we conclude that Davies's appeal is wholly frivolous, and that there are no other non-frivolous issues that Davies can raise on appeal. Thus, we grant Marciano's Petition to Withdraw as Counsel and affirm the judgment of sentence.

Petition to Withdraw as Counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    |

          vs.                 |    No.   3101 / 2010
                               |               2165 EDA 2014

ROBERT LEE DAVIES,            |
             Appellant        |

**August 20, 2014**

**Douglas G. Reichley, J.**

### 1925(a) Opinion

Robert Lee Davies, Appellant, appeals from a judgment of sentence following a Gagnon II hearing during which he conceded that he violated his parole and probation and was resentenced to serve the remaining balance on his parole sentence and to an additional twelve to twenty-four months in a State Correctional Institution consecutive to the balance. Appellant contends this sentence is excessive and challenges the discretionary aspects of the Court's sentence. For the reasons set forth herein, the sentence was proper and lawful and Appellant's judgment of sentence should be affirmed.

### Factual and Procedural History

On September 2, 2010, Appellant entered a negotiated guilty plea to one count of Retail Theft and one count of Recklessly Endangering Another Person. He was sentenced by the Honorable William H. Platt to not less than one year less one day to not more than two years less one day in Lehigh County Prison on November 1, 2010.

Appellant was paroled on or about April 20, 2011. Appellant's parole was revoked on December 6, 2011 following a Gagnon II hearing where he conceded that he violated his parole.

1

He was resentenced to serve the balance, but granted immediate parole. He was also sentenced to two years' consecutive probation.

On May 28, 2013, Appellant appeared before the undersigned for a second Gagnon II hearing. At that time, he conceded the allegations of the violation and his probation and parole were revoked. He was remanded to Lehigh County Prison to serve the balance of his sentence, followed by probation for two years consecutive to a Berks County sentence. He was given immediate reparole.

On November 24, 2013, Appellant was arrested for Retail Theft in Berks County. He was sentenced to not less than one nor more than five years on May 8, 2014. This new arrest and conviction served as the basis for a third violation in this case.

On June 24, 2014, Appellant again appeared before the Court for a Gagnon II hearing. He conceded the allegation that he violated his parole and probation by incurring another retail theft arrest on December 24, 2013 for a crime that occurred on November 24, 2013. After that hearing, Appellant was remanded to serve the balance of his sentence. His probation was revoked and he was resentenced to an additional twelve to twenty-four months' incarceration in a State Correctional Institution.

On July 24, 2014, Appellant filed a Notice of Appeal challenging his sentence. He was directed to serve a Concise Statement of Matters Complained of on Appeal on the Court, and said Concise Statement was filed on August 18, 2014.

This Opinion follows.

## Discussion

Appellant argues the Court abused his discretion by imposing a harsh and excessive sentence. As a general rule, trial courts are afforded broad discretion in sentencing. *Commonwealth v. Miller*, 835 A.2d 377, 380 (Pa. Super. 2003); *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002). A sentence will not be disturbed absent an abuse of that discretion. *Mouzon*, 812 A.2d at 621 (citing *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001)). A sentencing court has not "abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Commonwealth v. Smith*, 673 A.2d 893 (Pa. 1996) (quoting *Commonwealth v. Lane*, 424 A.2d 1325, 1328 (Pa. 1981)).

The Supreme Court of Pennsylvania explained that "[d]eference is accorded to the trial court's pronouncement because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990). Thus, a sentence will not be disturbed unless it was manifestly excessive or outside the statutory limits. *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997). Sentencing judges are guided by the general principles of protecting the public, weighing the gravity of the offense in relation to its impact on the community and the life of the victim, and the defendant's rehabilitative needs. 42 Pa.C.S. §9721(b).

"The imposition of sentence following the revocation of probation 'is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (quoting *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000)). The range of sentences

3

available to courts in resentencing following a revocation of probation are all of the sentencing alternatives available at the time of the original sentencing. 42 Pa.C.S. § 9771(b).

"Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Coolbaugh*, 770 A.2d at 792 (citations omitted). Once probation is revoked, a sentence of total confinement may be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,
>
> (3) such a sentence is essential to vindicate the authority of court

42 Pa.C.S. § 9771(c).

In this case, the sentence Appellant received is appropriate. Appellant has accumulated a criminal history stretching back to the 1970s. More significantly, this was Appellant's third violation on this case and each violation stemmed from a new arrest. Appellant continues to commit criminal offenses, including a number of retail thefts. The Court took into consideration Appellant's mental health challenges and recommended that his current sentence be served in SCI Waymart so that the Department of Corrections could better address his mental health needs. However, under the circumstances, Appellant's sentence was both lawful and proper. It considered both his rehabilitative needs and the needs of the community with respect to the high likelihood that he will commit another crime.

4

## <u>Conclusion</u>

For the foregoing reasons, Appellant's sentence was lawful and proper and did not constitute an abuse of discretion. It was not an excessive or harsh sentence under the circumstances of this matter. As a result, the within appeal is meritless and the Court recommends that Appellant's judgment of sentence be affirmed.

By the Court:

Douglas G. Reichley, J.

5