**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS JAMES KOLLIAS | : | |
| | : | |
| Appellant | : | No. 1463 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002330-2003

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 13, 2019**

Appellant, Thomas James Kollias, appeals from the judgment of sentence entered on August 3, 2018. We affirm.

On August 18, 2003, Appellant pleaded guilty to receiving stolen property and criminal attempt to commit criminal trespass.[1] That day, the trial court sentenced Appellant to serve a term of one to two years in prison for the receiving stolen property conviction, followed by a term of five years of probation for the attempted criminal trespass conviction.

On April 1, 2010, April 16, 2013, and December 1, 2016, the trial court revoked Appellant's probation and, each time, the trial court resentenced Appellant to serve a term of probation for the underlying attempted criminal trespass conviction. *See* Probation Order, 4/1/10, at 1 (sentencing Appellant

_____

[1] 18 Pa.C.S.A. §§ 3925(a) and 901(a), respectively.

to serve seven years of probation); Special Probation Order, 4/16/13, at 1 (sentencing Appellant to serve seven years of probation); Probation Order, 12/1/16, at 1 (sentencing Appellant to serve a term of four years of probation).

On July 3, 2018, while Appellant was still on probation, the Court of Common Pleas of Delaware County sentenced Appellant to serve a term of four to 23 months in jail for a simple assault conviction. *See* N.T. Revocation Hearing, 8/3/18, at 2. As a result of Appellant's arrest and conviction, the Commonwealth began revocation of probation proceedings against Appellant.

During the August 3, 2018 violation of probation hearing, Appellant stipulated to violating his probation and the trial court resentenced Appellant to serve a term of 20 months to five years in prison for the underlying attempted criminal trespass conviction. *Id.* at 11.

On August 8, 2018, Appellant filed a timely motion to modify sentence. In relevant part, Appellant's motion to modify sentence declared:

> 6. [At the sentencing hearing,] the Adult Probation Office recommended [that the trial court sentence Appellant to serve] two to seven years in [a State Correctional Institution ("SCI")], with time credit of 405 days.
>
> 7. [Appellant] requested a county sentence, with 405 days credit, followed by probation as the [trial] court deemed appropriate.
>
> 8. [The trial] court then sentenced [Appellant] to a term of imprisonment of 20 months to [five] years SCI, with 405 days credit. . . .

- 2 -

9. [Appellant] is requesting probation to follow the probation that he already will be serving in Delaware [County], or in the alternative, a county sentence followed by probation.

. . .

11. [Appellant] requests that the [trial] court consider the following factors in regard to sentencing:

a. [Appellant] will be on supervision for an extended amount of time in Delaware County due to the sentence on the new charges, and the . . . [sentences at other docket numbers].

b. [Appellant] has significant mental health issues that require treatment and medication and if [Appellant] is sent to state prison, he will likely decompensate and not receive the treatment that he would be able to obtain on county supervision.

c. [Appellant] is required to enroll in treatment within 10 days of release from Delaware County and will also have drug and alcohol, psychological and psychiatric evaluations as part of his Delaware County supervision.

WHEREFORE, [Appellant] prays that [the trial court] consider his petition requesting a modification of the sentence imposed upon him, and that [the trial court] reduce and modify the sentence imposed upon him.

Appellant's Motion to Modify Sentence, 8/8/18, at 2-3 (emphasis and some capitalization omitted).

On August 27, 2018, the trial court denied Appellant's motion to modify sentence. Trial Court Order, 8/27/18, at 1. Appellant filed a timely notice of appeal on August 31, 2018. Appellant raises the following claims in his brief:

A. Appellant's re-sentence of [20] months to [five years'] incarceration was a manifest abuse of discretion due to the overall excessiveness of his sentence from a 2003 conviction.

- 3 -

1. The trial court failed to comply with 42 Pa.C.S.A. § 9771(b) when imposing sentence.

2. Using the factors in 42 Pa.C.S.A. § 9781(d), [the Superior] Court should vacate the sentence because the specific circumstances make this sentence manifestly unreasonable.

a. Under 42 Pa.C.S.A. § 9781(d)(1), the circumstances of the case and Appellant's history of severe mental illnesses merit considerable weight in overturning his sentence.

b. The [trial] court's findings pursuant to 42 Pa.C.S.A. § 9781(d)(3) were insufficient to justify the sentence imposed.

3. Appellant's re-sentence was disproportional and contrary to fundamental sentencing norms.

4. Appellant asks this [Court] to consider the controversy surrounding perpetual probation as a factor in finding abuse of discretion.

Appellant's Brief at i-ii (emphasis omitted).

Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence). We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001).

- 4 -

Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Cartrette*, 83 A.3d at 1042 ("issues challenging the discretionary aspects of a sentence [following the revocation of probation] must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a [motion to modify] sentence").

The claims Appellant advances in his brief were not raised at the resentencing hearing or in Appellant's motion to modify his sentence.[2] **See** N.T. Revocation Hearing, 8/3/18, at 11-12; Appellant's Motion to Modify Sentence, 8/8/18, at 1-3; N.T. Motion to Modify Sentence Hearing, 8/27/18, at 1-5; Pa.R.Crim.P. 708(E). Therefore, Appellant waived the discretionary aspects of sentencing claims he currently raises on appeal. **Cartrette**, 83 A.3d at 1042.

Moreover, even if Appellant had properly preserved his current claims (which he did not), the claims would fail. Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa.Code § 303.1(b); **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa. Super. 2006). Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and

---

[2] We note that, in both Appellant's brief and motion to modify sentence, Appellant premised a claim for relief upon his "significant mental health issues." However, the claims are materially distinct. Specifically, in Appellant's brief, Appellant argued that his sentence is manifestly excessive (in part) because his "mental health condition[s] clearly inhibit his ability to adhere to probation conditions" and his recidivism "indicate[s] a legitimate mental disability that is beyond Appellant's ability to change or control." Appellant's Brief at 23-24. Appellant did not raise this *mens rea* claim in his motion to modify sentence. Rather, within Appellant's motion to modify sentence, Appellant argued only that his mental health issues favored probation because his mental health issues "require treatment and medication and if [Appellant] is sent to state prison, he will likely decompensate and not receive the treatment that he would be able to obtain on county supervision." Appellant's Motion to Modify Sentence, 8/8/18, at 2. Therefore, the claim raised in Appellant's motion to modify sentence did not preserve the claim Appellant raised in his brief to this Court.

standards of the Sentencing Code." ***Commonwealth v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

> Further, as we have held:

> In addition to issuing a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant," a [violation of probation ("VOP")] court must also consider, for example, whether the sentence imposed is "essential to vindicate the authority of the court," and must give "due consideration . . . to the time spent serving the order of probation."

***Commonwealth v. Derry***, 150 A.3d 987, 994 (Pa. Super. 2016) (corrections omitted), *quoting* 42 Pa.C.S.A. §§ 9721(b) and 9771.

"The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted). "When considering the merits of a discretionary aspects of sentencing claim, we analyze the sentencing court's decision under an abuse

of discretion standard." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015). "An abuse of discretion is more than just an error of judgment and, on appeal, a trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." ***Commonwealth v. Lane***, 424 A.2d 1325, 1328 (Pa. 1981) (quotations omitted).

Appellant claims: 1) "the new sentence was manifestly unreasonable considering the circumstances of this case," as the trial court failed to give adequate weight to Appellant's "severe mental health issues;" 2) the trial court "failed to consider 42 Pa.C.S.A. § 9771(b) when imposing total confinement," in that the trial court failed to give "due consideration . . . to the time [Appellant] spent serving the order of probation;" 3) the "re-sentence violates the general sentencing principles in 42 Pa.C.S.A. § 9721(b) because it was disproportional to the violations;" and, 4) the trial court's "findings pursuant to 42 Pa.C.S.A. § 9781(d)(3) were insufficient to justify the sentence imposed."[3] ***See*** Appellant's Brief at 15-31.

_____

[3] Appellant's final numbered sub-claim – requesting that this Court "consider the controversy surrounding perpetual probation as a factor in finding abuse of discretion" – reiterates his claim that the trial court "failed to consider 42 Pa.C.S.A. § 9771(b) when imposing total confinement," in that the trial court failed to give "due consideration . . . to the time [Appellant] spent serving the order of probation." ***See*** Appellant's Brief at 30.

Even if the claims were preserved and presented substantial questions for our review, the claims would fail. We will consider the first three numbered claims together.

First, at sentencing, the trial court was well aware of – and thoroughly considered – Appellant's mental health issues and the time Appellant spent serving the prior orders of probation. *See* N.T. Sentencing, 8/3/18, at 5-6 (Appellant's attorney informed the trial court of Appellant's mental health problems); N.T. Sentencing, 8/3/18, at 3-4 (the Commonwealth noted Appellant's prior time serving probation); *c.f. Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (holding that, when "the sentencing court had the benefit of a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations"). Further, the trial court meticulously weighed the facts and considered the necessary statutory factors when it sentenced Appellant to serve a term of 20 months to five years in prison. As the trial court explained:

> Considering the procedural history, the recommendation of both Commonwealth and [Appellant], the allocution of [Appellant] and his background, as well as balancing the punitive needs of the Commonwealth with the rehabilitative needs of [Appellant] and his inability to succeed with the lesser restrictions of probation, the sentence imposed is not manifestly excessive nor grossly disproportionate to the crime and is supported by the record. It should [] be noted that the sentence imposed was a lesser minimum sentence than requested by the supervising probation officer. The sentence was also imposed concurrently with [Appellant's]

new Delaware County conviction in light of the court's concern with the potential issue of aggregation of sentences.

The court is permitted to revoke an order of probation upon proof of the violation of specified conditions and has available all the sentencing alternatives that existed at the time of initial sentencing. While due consideration should be given to the time spent serving the order of probation, it is one of many factors to consider. Although not required, the court considered the traditional sentencing factors, including the likelihood that probation with its lesser restrictions could rehabilitate [Appellant]. 42 Pa.C.S.A. § 9771(c) permits total confinement upon probation revocation. It lists three factors that indicate the appropriateness of incarceration. The existence of any one of them shows the appropriateness of the type of sentence imposed on [Appellant]. In this case, all the listed factors existed on some level for him, weighing in favor of total confinement. First, [Appellant] was convicted of a new crime. Second, the conduct of [Appellant] over the time since August of 2003 shows that it is likely that he will commit another crime if he is not imprisoned, having three new convictions in addition to technical violations. [Appellant] himself stated that he wasn't sure he could ever finish a term of probation. Third, total incarceration is appropriate when such a sentence is essential to vindicate the authority of the court. [Appellant] was given four opportunities to comply with a probationary sentence before incarceration was imposed. He was given repeated opportunities to comply and was unable to comply with the conditions of probation, most importantly to remain crime free. To impose another term of probation would undermine the authority of the court. [At sentencing, the] trial court noted, "I have cut you some amazing breaks already with regard to this docket. And nevertheless, you have kept getting into difficulties, so I don't see any choice but to in fact impose a state sentence this time around."

The trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. This is the basis for the broad discretion afforded to trial court judges. When considering the nature and circumstances of the offense and the history and characteristics of [Appellant] and the multiple opportunities the sentencing court had to observe [him],

there is no basis to conclude there was an abuse of discretion. The sentence entered in this case is not manifestly excessive nor grossly disproportionate to the actions of [Appellant]. Sufficient reasons for the imposition of the sentence were placed on the record. The court's exercise of judgment was not manifestly unreasonable when contrasted to the facts, the guidelines, and the history of violations by [Appellant]. The age of the original docket or the probation previously imposed were not ignored in this case. [Appellant's] allocution was carefully considered. [Appellant] indicated his belief that he could never complete a term of probation; indicating that probation would essentially be setting him up for additional failure. A sentence of incarceration was appropriate.

Trial Court Opinion, 7/5/19, at 4-6 (some citations omitted).

The trial court's careful analysis demonstrates that it carefully weighed the totality of the facts and the necessary statutory factors prior to imposing sentence. The sentence the trial court imposed was not "manifestly unreasonable" – and it certainly cannot be said that the sentence was "the result of partiality, prejudice, bias or ill-will." **See Lane**, 424 A.2d at 1328. As such, the trial court did not abuse its discretion when it sentenced Appellant to serve a term of 20 months to five years in prison.

Finally, Appellant claims that the trial court abused its discretion when it provided a "terse" and "insufficient" reason for his sentence during the sentencing hearing. **See** Appellant's Brief at 25-26. This claim fails.

During the sentencing hearing, the trial court declared:

I had the sheet that had the docket for the Delaware County [conviction]. . . . The sentence in this matter takes into consideration all of the information provided, as well as the history of this charge. [Appellant,] there [are] two problems that I have. One would be the problem of aggregation if I gave you even a county sentence, it would probably

- 11 -

aggregate into a state sentence. The second is I have cut you some amazing breaks already with regard to this docket. And[,] nevertheless, you have kept getting into difficulties so I don't see any choice but to in fact impose a state sentence this time around.

Sentence will be based upon the violations of the prior probation and the history. The sentence is that you shall be committed for a period of not less than 20 months, no more than five years to the Bureau of Corrections for confinement in a state correctional facility. . . . This sentence will be effective today, and will be concurrent with the sentence imposed at [the Delaware County docket].

N.T. Sentencing Hearing, 8/3/18, at 11.

As our Supreme Court explained:

At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence.

. . .

42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *See also* Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

**However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial**

- 12 -

> **sentencing**. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings.

***Commonwealth v. Pasture***, 107 A.3d 21, 27-28 (Pa. 2014) (emphasis added) (footnote omitted).

It is true that, during Appellant's sentencing hearing, the trial court's record statement for imposing the sentence was not as detailed and elaborate as it might have been for an initial sentence. However, under our Supreme Court's precedent, it did not need to be. ***Id.*** Here, the trial court complied with 42 Pa.C.S.A. § 9721(b) by placing "a statement of the reason or reasons for the sentence imposed" on the record. ***See*** 42 Pa.C.S.A. § 9721(b); ***Pasture***, 107 A.3d at 27-28. Appellant's claim that the statement was "terse" or "insufficient" fails under our Supreme Court's holding in ***Pasture***.

We thus conclude that, even if Appellant had not waived his claims on appeal, the claims would have failed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019

- 13 -